IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON L. BROWN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5599 |
| | : | |
| **OFFICER KENNETH FELKER,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**TUCKER, J.**                                                                                     **NOVEMBER 17, 2020**

Plaintiff Jason L. Brown, a frequent litigant in this Court, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Officer Kenneth Felker, who arrested and charged Brown in 2002, leading to Brown's 2003 conviction for robbery in Delaware County. Brown has also filed a Motion for Leave to Proceed *In Forma Pauperis* and a "Motion for Preliminary Injunction and Leave to Amend Complaint." For the reasons set forth below, the Court will grant Brown leave to proceed *in forma pauperis*, dismiss his Complaint, and deny his Motion. The Court will also direct Brown to show cause as to why he should not be subjected to a limited pre-filing injunction.

**I.      FACTUAL ALLEGATIONS AND LITIGATION HISTORY**

Brown was arrested on December 2, 2002 by Officer Felker and charged with robbery and other crimes the next day. *See Commonwealth v. Brown*, CP-23-CR-0000151-2003 (C.P. Del.). On December 1, 2003, Brown pled guilty to robbery in the Delaware County Court of Common Pleas and was sentenced to two to five years of incarceration. *Id.* Beginning in 2017, Brown filed a series of post-judgment motions in his criminal case, which were denied by the Honorable Richard M. Cappelli. Brown appealed, and the Pennsylvania Superior Court affirmed

1

Judge Cappelli's rulings. *See Commonwealth v. Brown*, No. 2741 EDA 2019, 2020 WL 2025910, at *1 (Pa. Super. Ct. Apr. 27, 2020) ("As Brown's sentence was for a maximum of five years' incarceration beginning in December 2003, he is no longer serving his sentence. He was thus ineligible for PCRA relief, and we affirm the PCRA court's order."); *Commonwealth v. Brown*, No. 2802 EDA 2018, 2019 WL 2070478, at *1 (Pa. Super. Ct. May 9, 2019) ("It is unclear whether [Brown] is seeking expungement of the robbery conviction or the *nolle prossed* charges. In either case, he has developed no coherent argument upon which we can conclude that the trial court abused its discretion in denying his petition."). Brown has nevertheless continued to file motions in state court challenging his prosecution and conviction. His conviction, however, remains intact.

This is not the first civil rights case that Brown has filed in this Court concerning his Delaware County conviction. In January 2018, Brown filed a complaint against the Court of Common Pleas for Delaware County, Judge Cappelli, and President Judge Kevin Kelly, asserting that they had violated his rights under the First, Fifth, and Eighth Amendments in connection with his criminal case. In a February 9, 2018 Memorandum and Order, the Court granted Brown leave to proceed *in forma pauperis* and dismissed his Complaint without leave to amend. *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410, 2018 WL 837592, at *3 (E.D. Pa. Feb. 9, 2018). Specifically, the Court noted that Brown's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and that any claims challenging his 2003 robbery conviction were not cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at *2. The Court also concluded that (1) the Court of Common Pleas for Delaware County was not a "person" subject to liability under § 1983 and was also entitled to Eleventh Amendment immunity; (2) Brown's claims against Judge Cappelli were barred by judicial immunity; and (3)

Brown had failed to describe how President Judge Kelly was responsible for violating his rights. *Id.* at *3.

Shortly after the dismissal of that case, Brown filed a new civil action naming the Delaware County Court of Common Pleas as the only defendant and claiming that the 2003 conviction violated his rights in various respects. After granting Brown leave to proceed *in forma pauperis*, the Court dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Brown v. Court of Common Pleas for Delaware Cty.*, Civ. A. No. 18-CV-3043, 2018 WL 3623027, at *4 (E.D. Pa. July 30, 2018). Specifically, the Court concluded that: (1) Brown had not pled a basis for a claim under 42 U.S.C. § 1985, despite his efforts to invoke that statute; (2) the Court of Common Pleas was not a proper defendant in a § 1983 action; (3) the Court lacked the ability to intervene in Brown's then-pending post-conviction proceedings; (4) claims based on the proceedings underlying Brown's robbery conviction were not cognizable in a § 1983 action; and (5) to the extent Brown referred to various prosecutors in his complaint, the prosecutors were entitled to absolute prosecutorial immunity from claims based on how they handled Brown's prosecution. *Id.* at *2-*4.

Brown subsequently filed another civil action based on his underlying criminal proceeding in which he named the Superior Court of Pennsylvania and the Court of Common Pleas as Defendants. The Court granted Brown leave to proceed *in forma pauperis* and dismissed his complaint as legally frivolous, because "[a]s the Court previously explained to Brown, . . . the Courts of the Commonwealth are not . . . 'persons' subject to liability under § 1983 and, in any event, as entities of the Commonwealth are entitled to Eleventh Amendment immunity from Brown's claims." *Brown v. Superior Ct. of Pa.*, Civ. A. No. 19-2132, 2019 WL 2331465, at *2 (E.D. Pa. May 29, 2019).

More recently, Brown filed a civil rights action against Judge Cappelli based on Judge Cappelli's denial of his post-judgment motions. After granting Brown leave to proceed *in forma pauperis*, the Court dismissed his Complaint in its entirety. The Court concluded that: (1) the *Rooker-Feldman* doctrine deprived the Court of jurisdiction to review Judge Cappelli's rulings; (2) Judge Cappelli was entitled to absolute judicial immunity from Brown's claims; and (3) *Heck* barred certain of Brown's claims from proceeding because success on his claims would have implied the invalidity of his intact convictions. *See Brown v. Cappelli*, Civ. A. No. 20-2810, 2020 WL 4284280, at *3-*5 & n.5 (E.D. Pa. July 27, 2020). The Court also denied Brown's repeated motions for summary judgment.

Less than a month after the dismissal of that case, Brown filed a complaint against Chris DiRosato, based on allegations that DiRosato, an Assistant District Attorney, committed various errors in handling preliminary proceedings in Brown's criminal case. The Court granted Brown leave to proceed *in forma pauperis* and dismissed his Complaint upon screening. *See Brown v. DiRosato*, Civ. A. No. 20-4167, 2020 WL 5439375, at *1 (E.D. Pa. Sept. 10, 2020). The Court explained that: (1) Brown's claims were not cognizable because they were barred by *Heck*; (2) the Court could not intervene in Brown's post-conviction proceedings in his criminal case; and (3) DiRosato was entitled to absolute prosecutorial immunity from Brown's damages claims. *Id.* at *3-*4.

Approximately two months later, Brown filed the instant lawsuit against Officer Felker. The Complaint asserts Fourth Amendment false arrest and malicious prosecution claims based on Felker's alleged unlawful arrest of Brown on December 2, 2002 and his filing of the charges that led to Brown's conviction. (ECF No. 2 at 3.)[1] Brown attached exhibits to his Complaint

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

including copies of his criminal docket, Felker's December 3, 2002 affidavit of probable cause, and state court opinions resolving certain of Brown's post-judgment motions. (*Id.* at 7-39.) In his "Motion for Preliminary Injunction and Leave to Amend Complaint," he essentially asks the Court to direct Judge Cappelli, who is not a party to this case, to vacate his conviction on constitutional grounds and expunge the records of his conviction. Brown seeks injunctive relief as set forth in his Motion and damages.

## II.    STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record in determining whether a plaintiff states a claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious

from the face of the complaint.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 575 U.S. 532 (2015).  As Brown is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Brown's malicious prosecution claim fails because it is not cognizable in a civil rights action.  "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  That is so even if *habeas* relief is no longer available to the litigant.  *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("[A] § 1983 remedy is not available to a litigant to whom habeas relief is no longer available."); *see also Fields v. Venable*, 674 F. App'x 225, 228 n.4 (3d Cir. 2016) (per curiam) ("*Heck's* favorable termination requirement applies even when there is no further possibility of a successful habeas petition").

Brown's conviction has not been invalidated. As success on Brown's malicious prosecution claim would necessarily imply the invalidity of that conviction, this claim is not cognizable in a civil rights action.[2] *See Donahue v. Acosta*, 789 F. App'x 324, 328 (3d Cir. 2019) (per curiam) ("To the extent that Donahue sought to use a civil rights action to obtain equitable relief – *i.e.*, to have the District Court overturn his state court sentences – his claim is barred by *Heck*."). Furthermore, this Court may not intervene in Brown's post-conviction proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Peay v. Massiah-Jackson*, 133 F. App'x 31, 32-33 (3d Cir. 2005) (*Younger* barred litigant's request for federal court interference in post-conviction proceedings).

Although Brown's false arrest claim may not be barred by *Heck*, this claim fails as time barred. *See Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). Pennsylvania's two-year limitations period applies to Brown's false arrest claim. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Felker arrested Brown on December 2, 2002. On December 3, 2002, Brown was charged in a criminal complaint and arraigned. (*See* ECF No. 2 at 7, 21 & 26.) Accordingly, his false arrest claim accrued on December 3, 2002. Brown did not file this Complaint until November 5,

---

[2] To the extent Brown is pursuing any other constitutional challenges to his conviction, those claims fail for the same reasons.

2020, almost sixteen years after the statute of limitations expired.  It is therefore apparent that his false arrest claim is time-barred.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis*, dismiss his Complaint in its entirety, and deny his Motion.  Brown's false arrest claim will be dismissed with prejudice as time barred, and his malicious prosecution claim will be dismissed without prejudice to reassertion in a new case only in the event Brown's conviction is invalidated.  Brown will not be given leave to amend in this case, because amendment would be futile.

Brown has a history of filing baseless cases and has been repeatedly warned that additional frivolous filings might warrant a pre-filing injunction.  *See Brown*, 2020 WL 5439375, at *1 n.1 ("The Court reminds Brown, again, that the Court may limit his ability to file new cases or limit his ability to proceed *in forma pauperis* if he continues to abuse the judicial process."); *Brown*, 2020 WL 4284280, at *1 n.1 ("Brown has a history of filing frivolous cases and has been repeatedly warned that additional frivolous filings might warrant a pre-filing injunction."); *Brown v. GBM 1037, LLC*, Civ. A. No. 19-2133, 2019 WL 2344129, at *3 & n.3 (E.D. Pa. May 31, 2019) (observing that Brown's "twenty-two previously-filed civil actions were all dismissed because they were frivolous, failed to state a claim, failed to comply with Federal Rule of Civil Procedure 8(a), or were otherwise baseless" and warning Brown "that additional frivolous filings may result in filing restrictions, including prohibitions on proceeding *in forma pauperis* in the future").  This is the sixth lawsuit that Brown has filed attacking the same robbery conviction from Delaware County.  Although the Court must dismiss Brown's malicious prosecution claim and any other challenges to his convictions without prejudice as required by Third Circuit

jurisprudence, *see Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016), it need not continue to entertain abusive filings that suffer from identical defects. Brown has been repeatedly informed that this Court cannot invalidate his conviction in a civil rights suit or interfere in any post-conviction proceedings in state court. Yet he has continued to file lawsuits asking for exactly that relief and has been permitted to proceed *in forma pauperis* in each lawsuit. Because the Court concludes that Brown has abused the privilege of proceeding *in forma pauperis*, the Court's order of dismissal will require Brown to show cause why he should not be enjoined from filing further lawsuits relating to his 2003 conviction without paying the filing fee and administrative fee to proceed.[3]

**BY THE COURT:**

**/s/Petrese B. Tucker**

**PETRESE B. TUCKER, J.**

---

[3] Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

The recitation of Brown's prior litigation history provides the basis for finding he has been an abusive litigant. The Order the Court enters herewith provides the notice required by *Brow*. The injunction, if entered, will be narrowly tailored to prohibit Brown from proceeding *in forma pauperis* in any case related to his 2003 conviction.