IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON L. BROWN,       :<br>    Plaintiff,             :<br>                                 :<br>    v.                          :     CIVIL ACTION NO. 20-CV-5599<br>                                 :<br>OFFICER KENNETH FELKER,  :<br>    Defendant.          : | |

**MEMORANDUM**

**TUCKER, J.**                                                                                       **DECEMBER  10, 2020**

Plaintiff Jason L. Brown filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Officer Kenneth Felker, who arrested and charged Brown in 2002, leading to Brown's 2003 conviction for robbery in Delaware County.  In a November 17, 2020 Memorandum and Order, the Court granted Brown leave to proceed *in forma pauperis* and dismissed his Complaint.  *See Brown v. Felker*, Civ. A. No. 20-5599, 2020 WL 6747192, at *3-*4 (E.D. Pa. Nov. 17, 2020).  Since this was Brown's sixth civil rights lawsuit attacking the same robbery conviction from Delaware County, the Court also directed Brown to show cause as to "why he should not be enjoined from filing further lawsuits relating to his 2003 conviction without paying the filing fee and administrative fee to proceed." *Id.* at *4.  Brown responded with a "Motion for Relief Pursuant Fed. R. Civ. P. 60(a) & Response to Show Cause Order."  (ECF No. 7.)  The Court will separately address Brown's challenges to the Court's dismissal order and the matter of an injunction below.

**I.     The Court will Not Reconsider its Dismissal Order**

Brown's Complaint raised Fourth Amendment false arrest and malicious prosecution claims against Officer Felker based on Brown's 2002 arrest and the prosecution that led to

1

Brown's 2003 conviction in Delaware County. *See Commonwealth v. Brown*, CP-23-CR-0000151-2003 (C.P. Del.). The Court dismissed Brown's malicious prosecution claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), without prejudice to Brown reasserting his claim in a new lawsuit in the event his conviction is ever invalidated. *See Brown*, 2020 WL 6747192, at *3 ("As success on Brown's malicious prosecution claim would necessarily imply the invalidity of that conviction, this claim is not cognizable in a civil rights action."). The Court also explained that it could not interfere with the state court's handling of the numerous post-conviction motions Brown filed. *Id.* Although Brown's false arrest claim was not necessarily barred by *Heck*, the Court dismissed that claim as time barred. *Id.* at *4.

In his Motion, Brown seeks relief pursuant to Federal Rule of Civil Procedure 60. (*See* ECF No. 7.) As his motion is based on allegations of legal error, it is properly construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). *See United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003) ("[T]he function of the motion, and not the caption, dictates which Rule is applicable."); *see also Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (legal error is not a basis for a Rule 60 motion). A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In his Motion, Brown asks the Court to vacate its dismissal order, stay his post-conviction proceedings in state court, and "issue injunction against the conviction wholly." (ECF No. 7 at 4.) However, as previously explained to Brown, this Court may not intervene in his state post-conviction proceeding and any challenges to his conviction are not cognizable in a § 1983 action

while his conviction is intact. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)); *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Peay v. Massiah-Jackson*, 133 F. App'x 31, 32-33 (3d Cir. 2005) (per curiam) (*Younger* barred litigant's request for federal court interference in post-conviction proceedings). In other words, Brown simply has no civil rights claims based on his conviction, the prosecution that led to his conviction, or the state court's refusal to vacate his conviction, unless and until his conviction is vacated. The Court does not have the ability to circumvent this law to address Brown's challenges to his conviction or to vacate the conviction itself.[1] So, he is not entitled to reconsideration of the dismissal of his malicious prosecution claim. Brown's arguments challenging the dismissal of his false arrest claim as time barred lack a legal basis and also do not support reconsideration.

## II.     Pre-Filing Injunction

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see*

---

[1] Any malicious prosecution or other constitutional claims based on Brown's allegedly unlawful conviction will only be cognizable in a civil rights action in the event he achieves "favorable termination" in the form of an invalidation of his conviction. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 489)); *see also Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) ("[F]ederal law holds that a malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor."). In other words, Brown's lawsuit is premature because any civil rights claims based on his allegedly wrongful conviction do not accrue until favorable termination is achieved.

*also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts."  *Brow*, 994 F.2d at 1038.  The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants."  *Id.*  First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."  *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989).  Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue."  *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).  Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court."  *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).  While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Phila.*, Civ. A. Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution."  *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (citing *In re Oliver*, 682 F.2d at 445).

      Brown has demonstrated a pattern of abusive litigation behavior and has been given an opportunity to respond to the proposed injunction.  As explained in more detail in the Court's November 17, 2020 Memorandum, this was the sixth case that Brown has filed in less than two years and in which he has proceeded *in forma pauperis*, challenging his 2003 robbery conviction

and/or the state court's failure to vacate that conviction.² *See Brown*, 2020 WL 6747192, at *1-*2; *see also Brown v. DiRosato*, Civ. A. No. 20-4167, 2020 WL 5439375, at *1 (E.D. Pa. Sept. 10, 2020); *Brown v. Cappelli*, Civ. A. No. 20-2810, 2020 WL 4284280, at *3-*5 & n.5 (E.D. Pa. July 27, 2020); *Brown v. Superior Ct. of Pa.*, Civ. A. No. 19-2132, 2019 WL 2331465, at *2 (E.D. Pa. May 29, 2019); *Brown v. Court of Common Pleas for Delaware Cty.*, Civ. A. No. 18-CV-3043, 2018 WL 3623027, at *4 (E.D. Pa. July 30, 2018); *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-410, 2018 WL 837592, at *3 (E.D. Pa. Feb. 9, 2018).  In certain of those prior cases, the Court explained to Brown that challenges to his intact conviction were not cognizable in a civil rights action, and that this Court lacked the ability to overturn state court judgments or interfere in state post-conviction proceedings.  Yet, Brown has continued to pursue the same challenges by filing repetitive lawsuits, and numerous motions in those lawsuits, asking for relief that he has been told this Court cannot give him.  Brown's response to the show cause order, in which he again claims wrongful conviction and asks the Court to overturn his 2003 robbery conviction because he disagrees with the law, suggests that he will continue to abuse process in the absence of some form of injunction.  (ECF No. 7 at 1-3.)  Having considered Brown's litigation activity and his response, the Court concludes that a limited pre-filing injunction is warranted.

The Court cannot and would not seek to prevent Brown from raising civil rights claims challenging his prosecution and conviction in a future lawsuit *provided it is filed after his conviction is invalidated*.  *See Curry*, 835 F.3d at 379 (explaining that a dismissal under *Heck* must be without prejudice so that the litigant has the opportunity to refile his claims in the event

---

² The Court also observed that Brown "ha[d] been repeatedly warned that additional frivolous filings might warrant a pre-filing injunction." *See Brown*, 2020 WL 6747192, at *4.

his conviction is invalidated). At the same time, the Court need not continue to entertain repetitive complaints that suffer from identical defects because Brown refuses to accept the law that the Court is bound to follow. As previously noted, Brown has been repeatedly informed that this Court cannot invalidate his conviction in a civil rights suit or interfere in any post-conviction proceedings in state court. Yet he has continued to file lawsuits asking for exactly that relief and has been permitted to proceed *in forma pauperis* in each lawsuit.

Because the Court concludes that Brown has abused the privilege of proceeding *in forma pauperis*, the Court will enjoin Brown from filing further lawsuits relating to his 2003 conviction and the proceedings in his related criminal case, *see Commonwealth v. Brown*, CP-23-CR-0000151-2003 (C.P. Del.), without paying the filing fee and administrative fee to proceed. This narrowly tailored solution provides a financial disincentive for Brown to file repetitive challenges to his prosecution and conviction in a civil rights lawsuit while leaving the option open for him to renew his civil rights challenges in a new lawsuit if he can first invalidate his conviction through proper procedures. Furthermore, this injunction does not prohibit Brown from proceeding *in forma pauperis* in lawsuits unrelated to his 2003 robbery conviction and proceedings related to that conviction.

An Order follows.

                                      **BY THE COURT:**

                                      /s/Petrese B. Tucker

                                      **PETRESE B. TUCKER, J.**